FILED
DEC 1 5 2021
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

SUPPRESSED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. **4:21CR00703 SRC/NAB** |
| v. ) | |
| ) | |
| CAMERON I. CHILDRESS, ) | |
| and ) | |
| DERRICK L. HOLLINS, JR., ) | |
| ) | |
| Defendants. ) | |

**INDICTMENT**

The Grand Jury charges that:

**INTRODUCTION**

At all times material to this Indictment, unless otherwise specified below:

1. Defendant CAMERON I. CHILDRESS was a resident of St. Louis, Missouri, within the Eastern District of Missouri.

2. Defendant DERRICK L. HOLLINS, JR. was a resident of St. Louis, Missouri, within the Eastern District of Missouri.

3. Commerce Bank and U.S. Bank, the deposits of which are insured by the Federal Deposit Insurance Corporation, and First Community Credit Union and Neighbors Credit Union, the accounts of which are insured by the National Credit Union Share Insurance Fund, were financial institutions within the meaning of Title 18, United States Code, Sections 20 and 1344.

4. Beginning no later than in or around February 2021, and continuing through at least in or around October 2021, in the Eastern District of Missouri and elsewhere, the defendants,

1

**CAMERON I. CHILDRESS** and **DERRICK L. HOLLINS, JR.**,

and others known and unknown to the Grand Jury, devised and intended to devise a scheme and artifice to obtain moneys, funds, credits, assets, securities, and other property owned by, or under the custody and control of a financial institution, by means of materially false and fraudulent pretenses, representations, and promises.

5. It was part of the scheme that CHILDRESS and HOLLINS obtained and caused to be obtained personal checks that had been placed in U.S. Postal Service ("USPS") collection boxes in St. Louis County and St. Louis City, Missouri, within the Eastern District of Missouri.

6. It was further part of the scheme that CHILDRESS and HOLLINS altered and caused to be altered the payee and amount payable on personal checks obtained from USPS collection boxes.

7. It was further part of the scheme that CHILDRESS and HOLLINS recruited third parties to provide debit cards, Personal Identification Numbers ("PINs"), and other banking information for bank accounts belonging to the third parties at financial institutions, including Commerce Bank, First Community Credit Union, Neighbors Credit Union, and U.S. Bank, for the purpose of depositing the altered checks into the third-party bank accounts.

8. It was further part of the scheme that CHILDRESS and HOLLINS, using the debit cards and PINs belonging to third parties, deposited and caused to be deposited what CHILDRESS and HOLLINS knew to be altered checks into the third-party bank accounts, for the purpose of fraudulently inflating the balances in the third-party bank accounts.

9. It was further part of the scheme that CHILDRESS and HOLLINS withdrew and caused to be withdrawn funds from the third-party bank accounts, shortly after the financial institutions made funds from the altered checks available but before the financial institutions

learned that the checks had been altered, using cash withdrawals at ATMs and electronic transfers.

## COUNT I
## Bank Fraud (18 U.S.C. § 1344(2))

10. Paragraphs 1 through 9 are realleged and incorporated by reference as if fully set forth herein.

11. On or about August 23, 2021, in Richmond Heights, Missouri, in the Eastern District of Missouri, the defendant,

**CAMERON I. CHILDRESS**,

executed and attempted to execute the scheme and artifice described above, to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of a financial institution, as defined in Title 18, United States Code, Section 20, by means of material false and fraudulent pretenses, representations, and promises, in that CHILDRESS deposited and caused to be deposited an altered check #1477, drawn on Commerce Bank account #xxxxx0734 and payable to Individual S.M. in the amount of $6,200, into Commerce Bank account #xxxxx1212 in the name of Individual S.M., for the purpose of obtaining money, funds, credits, assets, securities, and other property owned by, and under the custody and control of a financial institution.

In violation of Title 18, United States Code, Section 1344(2).

## COUNT II
## Bank Fraud (18 U.S.C. § 1344(2))

12. Paragraphs 1 through 9 are realleged and incorporated by reference as if fully set forth herein.

13. On or about August 23, 2021, in Richmond Heights, Missouri, in the Eastern District of Missouri, the defendant,

**CAMERON I. CHILDRESS,**

executed and attempted to execute the scheme and artifice described above, to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of a financial institution, as defined in Title 18, United States Code, Section 20, by means of material false and fraudulent pretenses, representations, and promises, in that CHILDRESS deposited and caused to be deposited an altered check #2618, drawn on U.S. Bank account #xxxxxx0693 and payable to Individual J.A. in the amount of $2,900, into U.S. Bank account #xxxxxxxx3532 in the name of Individual J.A., for the purpose of obtaining money, funds, credits, assets, securities, and other property owned by, and under the custody and control of a financial institution.

In violation of Title 18, United States Code, Section 1344(2).

## COUNT III
**Bank Fraud (18 U.S.C. § 1344(2))**

14. Paragraphs 1 through 9 are realleged and incorporated by reference as if fully set forth herein.

15. On or about August 23, 2021, in Richmond Heights, Missouri, in the Eastern District of Missouri, the defendant,

**DERRICK L. HOLLINS, JR.,**

executed and attempted to execute the scheme and artifice described above, to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of a financial institution, as defined in Title 18, United States Code, Section 20, by means of material false and fraudulent pretenses, representations, and promises, in that HOLLINS deposited and caused to be deposited an altered check #3606, drawn on Commerce Bank account #xxxxx0893 and payable to Individual P.H., in the amount of $5,200 into First Community Credit

4

Union account #xxxxxxx8975 in the name of Individual P.H., for the purpose of obtaining money, funds, credits, assets, securities, and other property owned by, and under the custody and control of a financial institution.

In violation of Title 18, United States Code, Section 1344(2).

## COUNT IV
### Bank Fraud (18 U.S.C. § 1344(2))

16. Paragraphs 1 through 9 are realleged and incorporated by reference as if fully set forth herein.

17. On or about August 30, 2021, in Jennings, Missouri, in the Eastern District of Missouri, the defendant,

**DERRICK L. HOLLINS, JR.,**

executed and attempted to execute the scheme and artifice described above, to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of a financial institution, as defined in Title 18, United States Code, Section 20, by means of material false and fraudulent pretenses, representations, and promises, in that HOLLINS deposited and caused to be deposited an altered check #2438, drawn on Commerce Bank account #xxxxx9108 and payable to Individual A.D. in the amount of $5,800, into Neighbors Credit Union account #xxxxxx1027 in the name of Individual A.D., for the purpose of obtaining money, funds, credits, assets, securities, and other property owned by, and under the custody and control of a financial institution.

In violation of Title 18, United States Code, Section 1344(2).

## COUNT V
### Possession of Stolen Mail Matter (18 U.S.C. § 1708)

18. Paragraphs 1 through 9 are realleged and incorporated by reference as if fully set

5

forth herein.

19. On or about August 23, 2021, in Richmond Heights, Missouri, in the Eastern District of Missouri, the defendant,

**CAMERON I. CHILDRESS,**

did receive and unlawfully have in his possession articles of mail, namely an altered check #1477 drawn on Commerce Bank account #xxxxx0734 and payable to Individual S.M. in the amount of $6,200, which articles of mail had been stolen, taken, embezzled, and abstracted from a USPS collection box, an authorized depository for mail matter, knowing said articles of mail to have been stolen, taken, embezzled, and abstracted from an authorized depository for mail matter.

In violation of Title 18, United States Code, Section 1708.

## COUNT VI
**Possession of Stolen Mail Matter (18 U.S.C. § 1708)**

20. Paragraphs 1 through 9 are realleged and incorporated by reference as if fully set forth herein.

21. On or about August 23, 2021, in Richmond Heights, Missouri, in the Eastern District of Missouri, the defendant,

**CAMERON I. CHILDRESS,**

did receive and unlawfully have in his possession articles of mail, namely an altered check #2618, drawn on U.S. Bank account #xxxxxx0693 and payable to Individual J.A. in the amount of $2,900, which articles of mail had been stolen, taken, embezzled, and abstracted from a USPS collection box, an authorized depository for mail matter, knowing said articles of mail to have been stolen, taken, embezzled, and abstracted from an authorized depository for mail matter.

In violation of Title 18, United States Code, Section 1708.

6

## COUNT VII
### Possession of Stolen Mail Matter (18 U.S.C. § 1708)

22. Paragraphs 1 through 9 are realleged and incorporated by reference as if fully set forth herein.

23. On or about September 3, 2021, in Jennings, Missouri, in the Eastern District of Missouri, the defendant,

**DERRICK L. HOLLINS, JR.,**

did receive and unlawfully have in his possession articles of mail, namely a an altered check #3606, drawn on Commerce Bank account #xxxxx0893 and payable to Individual P.H., in the amount of $5,200, which articles of mail had been stolen, taken, embezzled, and abstracted from a USPS collection box, an authorized depository for mail matter, knowing said articles of mail to have been stolen, taken, embezzled, and abstracted from an authorized depository for mail matter.

In violation of Title 18, United States Code, Section 1708.

## COUNT VIII
### Possession of Stolen Mail Matter (18 U.S.C. § 1708)

24. Paragraphs 1 through 9 are realleged and incorporated by reference as if fully set forth herein.

25. On or about August 30, 2021, in Jennings, Missouri, in the Eastern District of Missouri, the defendant,

**DERRICK L. HOLLINS, JR.,**

did receive and unlawfully have in his possession articles of mail, namely an altered check #2438, payable to Individual A.D. in the amount of $5,800, which articles of mail had been stolen, taken, embezzled, and abstracted from a USPS collection box, an authorized depository for mail matter, knowing said articles of mail to have been stolen, taken, embezzled, and abstracted from an

authorized depository for mail matter.

In violation of Title 18, United States Code, Section 1708.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Section 982(a)(2), upon conviction of an offense in violation of Title 18, United States Code, Section 1344, as set forth in Count I – IV, the Defendant(s) shall forfeit to the United States of America any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s). Subject to forfeiture is a sum of money equal to the total value of property, real or personal, constituting or derived from any proceeds traceable to such violation.

2. Pursuant to Title 18, United State Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 1708, as set forth in Counts V – VIII, the Defendant(s) shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to such violation(s). Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to such violation(s).

3. If any of the property described above, as a result of any act or omission of the Defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

     e.     has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

 

A TRUE BILL.

_____

FOREPERSON

SAYLER A. FLEMING  
United States Attorney

_____  
JONATHAN A. CLOW, #68003MO  
Assistant United States Attorney